**Frances R. PURDIE, Plaintiff and Appellant,**

**v.**

**The UNIVERSITY OF UTAH, the Department of Educational Psychology of the University of Utah, Claude W. Grant, Joseph C. Bentley, Robert E. Finley, Adelaide Fuhriman, Reed M. Merrill, Ralph E. Packard, James P. Pappas, Michael J. Patton, and John Does I through VII, Defendants and Respondents.**

No. 15209.

Supreme Court of Utah.

Aug. 23, 1978.

Brian M. Barnard, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Brinton R. Burbidge, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from an order of the District Court of Salt Lake County, dismissing her complaint for declaratory judgment and injunctive relief on the ground that it fails to state a claim upon which relief could be granted. Reversed and remanded for further proceedings consistent with this opinion. No costs awarded.

The District Court's order states in relevant part:

. . . the parties have stipulated for the purposes of this motion only that all of the facts as set forth in the Plaintiff's Complaint were true . . .

THE COURT FINDS AND CONCLUDES that the use of age as a criterion for evaluation of applicants to educational programs is not in violation of the equal protection guarantees of the United States Constitution or any other statutory or Constitutional prohibition and is a reasonable practice in light of the limited resources available for educating persons in the field of educational psychology at the University of Utah . . .

The complaint in pertinent part alleges that: in the academic year 1975 plaintiff applied for admission to the University of Utah's Department of Educational Psychology (the named individual defendants being members of the admissions committee of the Department of Educational Psychology) to pursue a post-graduate degree in that department; she has been a resident and taxpayer of the State of Utah in excess of thirty-four years; plaintiff's credentials, educational background, experience, academic record, scores on the admissions test, and all other factors exceed the normal requirements for admission to the department; at the time of the application, plaintiff was fifty-one years of age (she re-applied for admission in 1977 also); the department and admissions committee rejected plaintiff's application on the sole ground of her age; and the department gives preference to younger persons over older persons. The demand of the complaint then seeks a) a declaration that the policy and practice of discriminating against one on the sole basis of age violates equal protection of the law and b) a permanent injunction against defendants from applying this policy and practice.

The parties do not dispute that the establishment of the University of Utah was confirmed by the Constitution of Utah, Art. X, Sec. 4. What is in dispute is whether a state institution of education can use age as the *sole* ground and reason for refusal to admit one to an educational program when limited resources are available in that program.

The position of defendants, sustained by the District Court's ruling, noted ante, is infirm and offends the equal protection provisions of the Constitution of Utah, Art. I, Sec. 2 and the Constitution of the United States, Fourteenth Amendment, Sec. 1, in that on the abbreviated record before us there are no standards or regulations presented defining or concerning age or other criteria for making decisions on admissions. Hence, there is a failure to meet the rational basis test which ". . . requires only that the State's system be shown to bear some rational relationship to legitimate state purposes . . ." *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1 at 40, 93 S.Ct. 1278 at 1300, 36 L.Ed.2d 16 (1973).

The District Court's order prevented any evidentiary hearing to consider the relevance, inter alia, of whether the age of 51,

or some other age, is the cutoff point; whether an age-based decision is influenced by the extent to which an applicant equals or exceeds normal requirements of admission; the resources actually available to the department; the qualifications and ages of successful applications for the 1975 academic year; and whether any policies or regulations governing admissions have ever been duly promulgated. We are unable to measure even-handedness and reasonableness—rational relationship between the policy of admission and legitimate governmental purpose—without more particularization and analysis.

Defendants cite *Beard v. Board of Education North Summit School District, et al.,* 81 Utah 51, 16 P.2d 900 (1932) for the proposition that the ". . . presumption is always in favor of the reasonableness and propriety of a rule or regulation duly made." At 16 P.2d 903 quoting from .24 R.C.L. 575. Of course, this Court's prior statement is not hostile to what we write today because this presumption can be rebutted and certainly does not require judicial abdication.

█ Plaintiff has also urged us to declare that age is an inherently suspect classification and that post-graduate education at a university is a fundamental right, requiring application of the strict scrutiny test.[1] We decline to do so, as the authorities cited are unpersuasive, but base our reasons and opinion on the rational relationship test, noted ante.

CROCKETT, MAUGHAN, and HALL, JJ., concur.

ELLETT, Chief Justice (concurring).

I concur except that I do not think the Federal Constitution is involved in this case.

---

1. See, generally, for discussion of strict scrutiny and rational relationship tests: Tribe, American Constitutional Law, chapter 16 (1978).